United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Old Republic General Insurance Corporation as subrogee of Coastal Construction Group of South Florida, Inc. and others, Plaintiff,<br><br>v.<br><br>Liberty Insurance Corporation, Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 21-23825-Civ-Scola<br>)<br>)<br>)<br>)<br>) |

### Order Granting Motion to Dismiss

Old Republic General Insurance Corporation, as subrogee, seeks additional coverage from Defendant Liberty Insurance Corporation in relation to a state-court, personal-injury suit filed against Old Republic's insureds—Coastal Construction Group of South Florida, Inc. ("Coastal"), Berkowitz Development Group, Inc. ("Berkowitz"), SkyRise Miami, Inc. ("SkyRise"), and Bayside Marketplace, LLC ("Bayside"). (Compl., ECF No. 1.) Through its complaint, Old Republic maintains that Liberty has failed to defend and indemnify Old Republic's insureds, as additional insureds, under Liberty's policy, issued to non-party Florida Engineering and Development Corp. ("Florida Engineering"). (*Id.*) In response, Liberty urges the Court to dismiss Old Republic's complaint because, under Florida law, Liberty's policy only provides coverage to Old Republic's insureds, as additional insureds, for claims of vicarious liability premised on the acts or omissions of Liberty's insured—Florida Engineering. (Def.'s Mot., ECF No. 10, 2.) And, says Liberty, because the underlying personal-injury lawsuit in this case contains no claims or allegations of vicarious liability against Old Republic's insureds, for the acts or omissions of Florida Engineering, Liberty has no duty to defend or indemnify. (*Id.* at 3.) In opposition, Old Republic argues Liberty's construction of the policy is overly narrow, failing to take into account additional language that it says clearly expands Liberty's coverage obligations. (Pl.'s Resp., ECF No. 20, 2.) Liberty has timely replied and its motion is ripe for review. (Def.'s Reply, ECF No. 21.) After careful review, the Court agrees with Liberty and **grants** its motion to dismiss (**ECF No. 10**).

1. **Background**[1]

Coastal, in 2014, as part of a joint venture, contracted with Florida Engineering to provide demolition, earthwork, site utilities, and associated construction work as part of a development project—SkyRise Miami Phase II—in downtown Miami, Florida. (Compl. ¶¶ 7, 18.) Under this subcontract, Florida Engineering was required to provide additional insured coverage for Coastal, Berkowitz, SkyRise, and Bayside—Old Republic's insureds—under certain circumstances. (*Id.* ¶¶ 8–10.) As provided in Liberty's policy with Florida Engineering, Liberty had to afford additional insured coverage, "but only with respect to liability for 'bodily injury,' 'property damage' or 'personal and advertising injury' caused, in whole or in part, by [Florida Engineering's] acts or omissions . . . in the performance of [its] ongoing operations." (*Id.* ¶ 17.)

In 2018, Lina Rivero sued Old Republic's insureds, in state court, alleging their direct negligence, for serious personal injuries she says she sustained as a result of tripping and falling at the SkyRise Miami project site in 2017. (*Id.* ¶¶ 18–19.) Old Republic agreed to defend Coastal, Bayside, Berkowitz, and Skyrise in that action. (*Id.* ¶ 20; Rivero's Compl., ECF No. 1-3.) In September 2019, however, Old Republic demanded that Liberty defend and indemnify Old Republic's insureds based on "the determination that Rivero's injury claim arose out of Florida Engineering's work for Coastal" at the SkyRise Miami project site. (*Id.* ¶ 21.) Months later, in March 2020, Liberty denied coverage for Old Republic's insureds. (*Id.* ¶ 22.) In the meantime, the litigation of Rivero's suit is ongoing and Old Republic, as of the filing of its complaint in this Court, has incurred attorney's fees and costs in excess of $75,000. (*Id.* ¶ 23.) Old Republic claims Liberty has breached its contract by denying coverage to Coastal, Bayside, Berkowitz, and Skyrise for Rivero's claims. (*Id.* ¶¶ 26–97.)

1. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading

---

[1] This background is based on the allegations the Plaintiff presents in its complaint. For the purposes of evaluating the Defendants' motion, the Court accepts the Plaintiff's factual allegations as true and construes the allegations in the light most favorable to it per Federal Rule of Civil Procedure 12(b)(6).

standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**2. Discussion**

In seeking dismissal, Liberty points to a 2007 Florida Supreme Court case opining that a policy provision similar to the one here, regarding additional insureds, afforded coverage to the additional insureds but *only* to the extent the additional insureds' liability was *caused by* the negligence of the named insured—in other words, coverage extends only to the additional insured's vicarious liability based on the insured's negligence. (Def.'s Mot. at 6 (citing *Garcia v. Fed. Ins. Co.*, 969 So. 2d 288, 294 (Fla. 2007).) And, says Liberty, since Rivero's underlying state-court case against Coastal, Bayside, Berkowitz, and Skyrise fails to assert any claims of vicarious liability—indeed, her complaint does not even mention Florida Engineering—then Liberty has no duty to defend or indemnify. (Def.'s Mot. at 8; Rivero's Compl.) In response, Old Republic counters that Liberty's overly narrow construction of the policy's language turns a blind eye to the phrase "in whole or in part," within the policy's endorsement. (Pl.'s Resp. at 2.) Old Republic maintains that this additional phrase expands the scope of additional-insured coverage to include claims against the additional insureds that implicate defective work Florida Engineering performed under the subcontract. (Pl.'s Resp. at 5.) Accordingly, says Old Republic, since Rivero's allegations show that the additional insureds were sued, at least in part, because of Florida Engineering's negligence, then Liberty, therefore, has a duty to defend them. (*Id.*) The Court finds Old Republic's arguments unavailing.

Under Florida law, as plainly set forth in the Florida Supreme Court's decision in *Garcia v. Federal Insurance Company*, an additional-insured provision that affords coverage with respect to liability "because of" or "caused by" the acts, omissions, or work of the named insured, covers *only* an additional

insured's *vicarious liability* for the acts or omissions of the named insured. *Garcia*, 969 So. 2d at 294 ("We hold that the phrase 'any other person with respect to liability because of acts or omissions' of the named insured covers only an additional insured's vicarious liability for the negligent acts or omissions of the named insured."). Accordingly, courts in this district have consistently found that, where "the additional insured was sued for her own negligence and not the named insured's negligence, the additional insured was not covered by the terms of the policy." *Amerisure Ins. Co. v. Seneca Specialty Ins. Co.*, 20-20442-CIV, 2020 WL 3317035, at *6 (S.D. Fla. June 18, 2020) (Moreno, J.). This is so despite the addition in the policy, as here, of the phrase "in whole or in part." *Id.* at *7. At a minimum, for additional insured coverage, the additional insured's liability must be at least *partially* the result of its vicarious liability for the insured's negligence.

Old Republic provides no support for its insistence to the contrary: that the phrase "in whole or in part" somehow expands coverage to encompass an additional insured who itself points to the insured as the real source of the plaintiff's injuries, at least in part. Indeed, where "the underlying case only allege[s] direct negligence against the additional insured," as here, courts in this district routinely find "that coverage d[oes] not extend, and thus the insurer [does] not have a duty to defend." *Id.* at *6–7. Since there can be no real dispute here that Rivero's underlying state-court lawsuit alleges only direct negligence, never even mentioning Florida Engineering, Old Republic has failed to allege any coverage here for the additional insureds. *See Gen. Asphalt Co., Inc. v. Bob's Barricades, Inc.*, 22 So. 3d 697, 699 (Fla. 3d DCA. 2009) ("Florida law is clear that in order to pursue a vicarious liability claim, the claimant must specifically plead it as a separate cause of action.").

Because the pleadings show that Liberty does not have a duty to defend or indemnify any of the additional insureds, Old Republic has failed to state a claim under 12(b)(6) and the Court, therefore **grants** Liberty's motion to dismiss (**ECF No. 10**). Accordingly, the Court dismisses the entirety of Old Republic's complaint, with prejudice, and directs the Clerk to **close** this case. Any other pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on April 21, 2022.

Robert N. Scola, Jr.
United States District Judge